Next up, we have in re Shelton. Is Mr. Daniel Keith Larson present. I believe we have Misty Perry Isaacson present for Appley. Okay, Miss Perry Isaacson, you are all by yourself here. You can argue if you wish you can rest on your briefs. It's up to you. You want to ask if she wants to reserve some time to rebut yourself. Sure. May I reserve 15 minutes, please? Good afternoon. Your honors. Misty Perry Isaacson, Pankter and Perry Isaacson on behalf of the Appley Richard A. Marshak chapter 7 trustee. I know that you've read the briefs. I don't want to belabor the issue. I don't have anybody on the other side to respond to. I think what's important for this appeal is that we focus on what is being appealed. Not the back story, not the collateral attack of state court orders and bankruptcy court orders before the court is the order approving the trustees. Final report allowance of professional fees. That's what's before the court. There are 2 main issues that the appellant's brief did not address at all. I just want to bring up briefly the standing issue. The appellant in this case, wears 3 hats. And if I may, I'll entitle the 1st hat, the secured creditor hat. The appellant had a 50% interest in a deed of trust and noted in deed of trust that was secured upon the property that was sold by the trustee. That's 1 hat. Um, the 2nd hat is the appellant is a beneficiary of the Barbara and Gerald Larson family trust. That's his 2nd hat. The 3rd hat that he wears is he was the trustee of the deed of trust that was recorded against the property for the loan that he had a 50% interest in. The trustee argues that in any of these capacities. Mr. Larson does not have standing for this appeal as the secured creditor. He was paid in full. There's no harm to him for payment of the professional fees. He would not receive any additional distributions from the bankruptcy estate. And if that was that was agreed upon, he agreed upon it and the court approved the compromise. Correct and he was paid in full. There is no unsecured claim by Mr. Larson in the case. So he receives nothing further. So, we would say there's no injury to him by allowance of the professional fees and therefore no standing. It's somewhat convoluted the brief, but. If I can the beneficial interest that he holds in the. Larson family trust, he is not the trustee of that trust. He is just a beneficial owner, but let's let's assume let's assume that he did have standing. May have a hard time figuring out what he's arguing. What is he saying that the judge failed in the exercise of discretion to approve these professional fees. He's not he's the issue. I mean, if we got by the standing, that's the issue we have to look at whether the judge properly exercised. The judge's discretion to look at these professional fees. And go ahead and that's the 2nd issue. Your honor, if we get past standing, assuming we get past standing, the issue is, did the court abuse its discretion and approving the fees. You have no transcript, there's nothing before the court other than the order to determine whether or not the court abused its discretion did not comply with proper legal rules in under 330 and approving the fees. There's nothing before I made a factual mistake for that. Pardon or made a factual error, right? Correct. There's, there's nothing before the court to show that judge Clarkson in this matter made a clearly erroneous factual finding. And don't we have in the record that the statutory fee. For the trustee, the trustee only took half of what. Would have been available. Is that right? The trustee took a, I can't remember the specific percentage. The trustee took a big hit on his statutory fee. The professionals, other than the accountant, my firm took a very large hit on our fees. So, notwithstanding the fact that the court approved. The total amount due to us, we only received a portion of what was due to us. That was a self inflicted hit, right? It wasn't the judge that did it. You applied for less than. Self administered. Yes. So the trustee said we only have X amount of dollars. We can only divvy up this amount of money. Are you agreeable to a reduction of your fees? And therefore, we got paid in full to the, to the reduction. We did the math. So. At this point, there's nothing, but the order approving the courts. That the court's order approving our fees, we would submit that. Uh, the appellate hasn't. Hasn't proven their, their position that the court aired in any matter and. The court should this court should affirm judge Clarkson's ruling approving the final fees. I, I know I have 9 minutes left, but without having an ability to respond to somebody's arguments. I don't want to waste your time. Well, let me ask you this is the proper disposition of dismissal for lack of standing or just a firm. Lack of standing would be a dismissal. If the court finds that there is a lack of standing that are you arguing for? That if the court believes that they're standing, then I would argue that the, there should be an affirmance of the, the judge ruling. If the court finds that there is no standing, I think dismissal because there's no jurisdiction to make affirming the court's decision. And unless the court has any further questions, I would submit the remainder of my time with my brief. Okay. Any other questions? Okay. All right. Thank you very much. Ms. Perry. I assume we will be the matter submitted and we'll be producing a written decision promptly. Thank you. Your honors. Thank you.
judges: Faris, Lafferty, and Corbit